UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YOUSIF HERMIZ, as Personal Representative
of the Estate of ARVIN HERMIZ, Deceased,

    Plaintiff,

v.

CITY OF SOUTHFIELD and POLICE OFFICER
BLAKE MATATALL,

    Defendants.
_____/

Case No. 08-14111

DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE
VIRGINIA M. MORGAN

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [68]

    Before the Court is Plaintiff's Motion for Reconsideration [68] of the Court's prior Order [65] granting in part and denying in part Defendants' Motion for Summary Judgment [49] and dismissing Count I of the Complaint. Plaintiff's Motion [68] was timely filed within ten days of the Court's entry of the Order [65] granting partial summary judgment in Defendants' favor. *See* Fed. R. Civ. P. 6(a), (d); Local R. 7.1(g)(1).

    Local Rule 7.1, Motion Practice, provides that:

> [g]enerally, . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must . . . demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Local R. 7.1(g)(3); *see also Hansmann v. Fidelity Investments Institutional Services Co.* 326 F.3d 760, 767 (6th Cir. 2003) (A motion for reconsideration is granted only "if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and

correcting the defect will result in a different disposition of the case."). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D.Mich. 2001) (citations omitted). "The decision whether to grant reconsideration lies largely within the discretion of the court." *Yuba Natural Res. Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

Here, "Plaintiff submits that this Court committed a palpable defect of law by granting summary judgment on Count I of Plaintiff's complaint which the Court construed as a claim for battery." *See* Pl.'s Mot. Reconsid. at 2. Specifically, following *Livermore v. Lubelan*, the Court held here that Plaintiff's claim of gross negligence against Defendant Matatall is not cognizable under Michigan law. *See* 476 F.3d 397, 408 (6th Cir. 2007) ("Michigan courts have consistently 'rejected attempts to transform claims involving elements of intentional torts into claims of gross negligence.'"). Thus, the Court dismissed Count I of the Complaint, in which Plaintiff asserted a claim for gross negligence.

In his Motion for Reconsideration [68], Plaintiff does not dispute the applicability of *Livermore*. Rather, he argues that if the state-law claim is to be construed as a claim for battery, then the Court should conduct an analysis of Michigan's governmental immunity law governing intentional torts. *See* Pl.'s Mot. Reconsid. at 2 (citing *Odom v. Wayne County*, 482 Mich. 459 (2008)). Plaintiff notes that an intentional tort immunity analysis was "not squarely before the Court and thus not fully briefed by the parties" at the time of the summary judgment hearing. *See id*. at 4. Therefore, concurrently with his Motion for Reconsideration [68], Plaintiff has filed a Motion for Leave to File First Amended Complaint [67], in which the newly proposed Count I would state a claim for assault and battery against Defendant Matatall.

Because Plaintiff has raised no legal argument to persuade the Court that the existing Count I, currently stated as a claim for gross negligence, was erroneously dismissed, and because Plaintiff therefore has not demonstrated a palpable defect the correction of which would result in a different disposition of the case, the Court declines to reconsider that ruling. *See Hansmann*, 326 F.3d at 767. Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration [68] is **DENIED**.

Plaintiff's Motion for Leave to File First Amended Complaint [67] remains pending. The addition of a count of assault and battery, and any related arguments regarding governmental immunity from intentional tort claims, will be decided after full briefing and in due course.

**SO ORDERED.**

                                         S/ARTHUR J. TARNOW
                                         Senior United States District Judge

Dated: July 2, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 2, 2010, by electronic and/or ordinary mail.

                                         s/LaShawn R. Saulsberry
                                         Case Manager